UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**SYDNI DOWNEY,**

                      **Plaintiff,**                    **No. 08-cv-874**
                                                                 **(GLS-RFT)**

       **v.**

**ONTEORA CENTRAL SCHOOL DISTRICT,
LESLIE FORD, MARY JANE BERNHOLZ,
CINDY O'CONNOR, RITA VANACORE,
HERB ROSENFELD, MAXANNE RESNICK,
MICHELLE FRIEDEL and RICHARD WOLFF,**

                      **Defendants.**
_____

**APPEARANCES:**
FOR THE PLAINTIFF:
Office of Russell A. Schindler      RUSSELL A. SCHINDLER, ESQ.
245 Wall Street
Kingston, NY 12401

FOR THE DEFENDANTS:
Donoghue, Thomas Law Firm      NEELANJAN CHOUDHURY, ESQ.
2517 Route 52
Hopewell Junction, NY 12533

**Gary L. Sharpe
U.S. District Judge**

## DECISION AND ORDER

     Currently before the court is defendants' motion to dismiss (Dkt. No. 27) plaintiff Sydni Downey's constitutional claims brought under 42 U.S.C.

§§ 1981 and 1983.  Following review of defendants' brief in support thereof, Downey's response, and the record on the matter, defendants' motion is granted, in part, and denied, in part.

## BACKGROUND

Downey, an African-American female, worked as a teacher for the Onteora Central School District.  (*See* Complaint Dkt. No. 1 at ¶ 11.)  Downey alleges that, pursuant to a collective bargaining agreement, she was eligible for a retirement incentive benefit.  (*Id.* at ¶ 13.)  However, Downey alleges that when she requested such retirement incentive at the end of the 2006-2007 school year, defendants denied her request.  (*Id.* at ¶¶ 13-14.)  Downey alleges that defendants did not approve the incentive and determined that she did not qualify for it because she did not retire during her first year of eligibility.  (*Id.* at ¶ 14.)  Downey alleges that defendants have, on several occasions, granted such request to other teachers regardless of whether or not those teachers retired after their first year of eligibility.  (*Id.* at ¶ 16.)  In fact, Downey alleges that it is the custom, practice, or policy of defendants to grant such requests irrespective of whether a teacher is in her first year of eligibility.  (*Id.* at ¶ 17.)  Downey claims defendants denied her request because of her race.

2

(*Id.* at ¶ 34.)  Downey filed this action claiming, among other things, constitutional violations pursuant to § 1981 and § 1983.  Defendants have moved to dismiss Downey's claims under Federal Rule of Civil Procedure 12(c).

## DISCUSSION

When deciding a motion to dismiss under Rule 12(c), a court uses the same standard as that for a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the non-moving party.  *Burnette v. Carothers,* 192 F.3d 52, 56 (2d Cir. 1999).  Accordingly, the court must look at whether the complaint has pled "enough facts to state a claim to relief that is plausible on its face."  *Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  The Second Circuit has concluded, however, that, under *Twombly,* "the Supreme Court 'is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.'"  *Boykin v. KeyCorp,* 521 F.3d 202, 213 (2d Cir.

3

2008) (citing *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir. 2007)).

Defendants assert that Downey's discrimination claims must be dismissed because she fails to sufficiently allege that defendants had a custom, practice, or policy of granting a retirement incentive to every teacher regardless of whether or not a teacher retired during her first year of eligibility. Specifically, defendants assert that other teachers who requested the same benefit were denied their requests. Defendants assert that the teachers Downey claims obtained the incentive benefit were those teachers who had certain contractual provisions that do not apply to Downey's situation. Essentially, defendants assert that Downey was not similarly situated to these teachers. To support their argument, defendants refer to several different Collective Bargaining Agreements and to certain pertinent provisions that defendants have attached as exhibits.

However, keeping in mind that: (1) when ruling on a motion to dismiss under Rule 12(c), a district court is not required to look at materials outside the pleadings, *see Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 642 (2d Cir. 1988); (2) "[c]onsideration of extraneous material in judging the sufficiency of a complaint is at odds with the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), which requires only

4

that the complaint contain 'a short and plain statement of the claims showing that the pleader is entitled to relief,'" *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 154 (2d Cir. 2002) (citations omitted); and (3) Downey alleges she is an African-American teacher similarly situated to other Caucasian teachers who received a more favorable treatment, thus, giving defendants fair notice of the basis of her complaint, *Boykin,* 521 F.3d at 212 (citations omitted), the court, at this stage of the proceedings– prior to discovery– declines the invitation to look beyond the four corners of the complaint.  Defendants' arguments in this regard are better suited for the summary judgment stage.

Defendants further contend that Downey's claims under § 1983 with respect to the individual defendants should be dismissed because the complaint fails to properly allege the defendants' individual involvement. Here, the court agrees with defendants.  Downey's complaint alleges that the individual board member defendants denied Downey the retirement incentive despite having the policy of granting such benefit in other instances.  However, under New York Education Law § 1606, the powers committed to the school board members must be exercised by the members as a whole or entity, and not by an individual member.  *See* N.Y.

5

Educ. Law § 1606.  An individual school board member lacks authority to bind the school district acting on his own.  *Coughlan v. Cowan,* 190 N.Y.S.2d 934, 937 (N.Y.Sup. 1959) ("Individually the board member's rights are no greater or different than those of any qualified voter of the district.")  "Until the board as a whole acts, by resolution to do or not to do something, there is no determination that this court may review." *Id.*  Since the individual board members could not act or put a policy in place individually because "[w]hatever direction [was] given [concerning Downey's retirement benefits] must be given by the board" as a whole, *Id.,* the court determines Downey failed to properly allege a § 1983 claim against these individual defendants.

Here, the complaint allegations do not plead sufficient facts alleging defendants' personal involvement or that the individual defendants acted under color of state law in a discriminatory manner– a requirement for § 1983 claims.  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 (2001) (an act under color of state law occurs when the "seemingly private behavior may be fairly treated as that of the State itself.") (quotations and citation omitted).  Thus, the court determines that dismissal should be granted in favor of all the individual school board

6

members with respect to Downey's claims under § 1983.  In addition, the court also dismisses the § 1981 claims against the individual defendants since "personal liability under section 1981 must be predicated on the actor's personal involvement."  *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004) (citation and modification omitted).

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss is **GRANTED** with respect to all individual defendants, but **DENIED** in all other respects; and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
July 28, 2009

Gary L. Sharpe
United States District Court Judge

7